IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph E. Hudak, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 09-1172 |
| Regis W. Bobitski and Lisa A. Bobitski, | ) |
| Defendants. | ) |

AMBROSE, Senior District Judge

# OPINION
## and
## ORDER OF COURT

This is a diversity case in which *pro se* Plaintiff Joseph E. Hudak ("Plaintiff" or "Hudak") has brought state law claims against *pro se* Defendants Regis W. Bobitski and Lisa A. Bobitski (collectively "Defendants") alleging breach of contract, unjust enrichment, and failure to pay account stated related to Defendants' alleged failure to pay Plaintiff attorneys' fees owed for legal services rendered. Pending before the Court is Plaintiff's Second Supplemental Motion for Summary Judgment requesting that I enter judgment in favor of Plaintiff and against Defendant Regis Bobitski[1] in the amount of $142,125. (Docket No. 20). Regis Bobitski opposes Plaintiff's Motion. (Docket No. 27). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, Plaintiff's Motion is denied.

## I. PROCEDURAL BACKGROUND

On or about August 29, 2009, Plaintiff filed a Complaint against Defendants. (Docket No.

---

[1] According to previous filings, Defendant Lisa Bobitski has filed for bankruptcy protection. See Docket No. 9, ¶ 5. Lisa Bobitski did not participate in the summary judgment filings, and Plaintiff has requested summary judgment solely against Regis Bobitski. See Docket No. 20.

1

1). On or about September 17, 2010, Defendants filed an Answer (Docket No. 5) and a Motion to Dismiss Under Rule 12(b) (Docket No. 6). The Motion to Dismiss alleged lack of subject-matter and personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. See Docket No. 6. Defendants failed to file a brief in support of their motion despite repeated court orders to do so and, on January 8, 2010, I entered an Order denying the motion to dismiss. (Docket No. 7).

On September 13, 2010, Plaintiff filed a Motion for Summary Judgment seeking a judgment against Defendants for alleged contract damages under the attorneys' fee agreement at issue.[2] (Docket No. 13). Plaintiff filed a Brief in Support of the motion on September 20, 2010. (Docket No. 18). Defendants failed to respond to the motion and, on October 18, 2010, Plaintiff filed a Supplemental Motion for Summary Judgment, arguing that I should grant his initial summary judgment motion based on this failure to respond. (Docket No. 19). On October 24, 2010, Plaintiff filed the instant Second Supplemental Motion for Summary Judgment. (Docket No. 20). In this motion, Plaintiff states that he no longer seeks the judgment sought in his first motion; rather, he wishes to recover a fixed sum of $142,125 under an unjust enrichment theory. Plaintiff claims that this amount represents the fees owed using his purported standard billing and travel rates. See id. In light of this second supplemental motion, I denied Plaintiff's initial and first supplemental motions for summary judgment as moot. (Docket No. 21).[3] Plaintiff filed a court-ordered Brief in Support of the instant motion and Affidavit on November 15, 2010. (Docket Nos. 25, 26). Defendant Regis Bobitski filed a Response in opposition on December 9,

---

[2] Specifically, Plaintiff sought contract damages in the amount of $62,500 plus a lien of 15% of any disbursement to Defendants in certain Florida Bankruptcy Court litigation in which he had represented them. See Docket No. 13, ¶ 9.

[3] After I denied these motions and ordered briefing on the second supplemental motion, Plaintiff moved on November 1, 2010, to withdraw the second supplemental motion and proceed with the initial two motions for "strategic" purposes. (Docket Nos. 22, 23). On November 3, 2010, I denied the motion to withdraw. (Docket No. 24).

2010. (Docket No. 27).[4]  The motion is now ripe for my review.

## II. LEGAL ANALYSIS

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a

---

[4] I note that neither party's summary judgment filings comply with Local Rule of Civil Procedure 56 or my Chambers' Rules. In light of the fact that both parties are *pro se* and in the interests of judicial economy, I will decide the instant motion as filed. All future filings, however, must comply with all applicable rules of procedure.

3

genuine issue for trial. Id. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988) (quoting Celotex, 477 U.S. at 322). With this standard in mind, I turn now to the issues of this case.

### B. Relevant Contractual Provisions

In or around the Fall of 2007, the parties entered into a written "Power of Attorney and Fee Agreement" (hereinafter "Agreement") for certain legal services that Plaintiff agreed to perform for Defendants. Among other things, the Agreement provided in relevant part as follows:

> We, Regis Bobitski and Lisa Bobitski, hereinafter "clients," hereby authorize Joseph E. Hudak, Esquire, and attorneys and staff associated with Joseph E. Hudak, Esquire, to represent us in the following legal matters:
>
> Any and all matters related to recovery of monies from Richard and Cindy Lelly, Chris Marsala, Anthony Marino, and persons or entities, or insurance carriers related thereto, and from entities known as "RL" and "MLB" and persons or entities or insurance carriers related thereto or related to any successors thereof.
>
> For this representation, clients agree to pay an initial legal fee of seventeen-thousand-five-hundred dollars ($17,500) to be paid as follows: $5,000.00 on October 30, 2007; $5,000.00 by December 1, 2007; balance by January 1, 2008. In addition, clients agree to pay fifteen percent (15%) of amounts recovered, through settlement, court award, or otherwise, from any source listed above up to a recovery of 1 million dollars; then after recovery of 1 million dollars, twenty percent (20%) on the amount of recovery above one million dollars.
>
> This legal representation shall be billed as follows: one-hundred-twenty-five dollars per hour ($125/hour) for legal work; fifty dollars per hour ($50/hour) for travel; zero billing for down-time in traveled-to locations.
>
> . . . .
>
> Clients agree to pay all costs, including, but not limited to, travel, filing fees, service of process, document reproduction, service of subpoenas, transcription of court proceedings and depositions, and other costs related to negotiation and litigation.
>
> . . . .

Complaint (Docket No. 1), Ex. A. It is undisputed that Defendants paid Plaintiff the $17,500 initial legal fee, but have not paid any additional monies under the Agreement.

### C. **Plaintiff's Motion for Summary Judgment**

In this motion for summary judgment, Plaintiff seeks recovery in the amount of $142,145.00 under Counts 2 and 3 of his Complaint (unjust enrichment and failure to pay an account stated). Plaintiff argues that this amount represents the value of services he provided to Defendants using his purported standard billing rate of $250/hour for legal work and $100/hour for travel as itemized in the Statement for Services Rendered attached as Exhibit B to his Complaint. Although the Agreement refers to an hourly billing rate of $125/hour for legal services and $50/hour for travel, Plaintiff claims that the parties understood and agreed that Plaintiff's *standard* billing rate was $250/hour for legal services and $100/hour for travel. Plaintiff contends that Agreement provides for a lower rate only because Defendants desired a contingent fee component. Plaintiff argues that, in light of Defendants' contingency fee request, the parties agreed on a billing rate of one-half Plaintiff's standard rate as well as a contingency fee of 15% of any recovery up to one million dollars and 20% of any recovery above one million dollars. Thus, according to Plaintiff, the Agreement required Defendants to pay *both* a reduced hourly rate *and* a contingency fee. In Plaintiff's view, without the contingency component, Defendants would have had to pay his full standard hourly rate. Because Defendants are now refusing to pay Plaintiff any additional fees under the Agreement, he argues that they have been unjustly enriched in the amount of $142,145 – *i.e.*, the value of the alleged unpaid legal services he performed using that purported standard hourly rate. After careful review of the record evidence and the submissions of the parties, Defendants' Motion is denied.

As an initial matter, it is well-established under Pennsylvania law that unjust enrichment is an equitable doctrine that generally does not apply to matters governed by enforceable contract provisions. See, e.g., Keystone Dedicated Logistics v. Flexaust Co., 709 F. Supp. 2d 389, 396

(W.D. Pa. 2010); see also Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (Pa. 1969) ("[W]e note that this Court has found the quasi-contractual doctrine of unjust enrichment inapplicable when the relationship between parties is founded on a written agreement or express contract."); Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 998 (3d Cir. 1987) ("Where an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract; and where the contract 'fixes the value of the services involved,' there can be no recovery under a *quantum meruit* theory.").[5] Although Plaintiff alleges Defendants have not paid him under the Agreement, he does not explain how the Agreement is unenforceable or otherwise inapplicable to his claim for damages in this case.[6] Because there are, at the very least, issues of fact regarding the enforceability of the Agreement and, therefore, the availability of an unjust enrichment claim, summary judgment in favor of Plaintiff on an unjust enrichment theory is inappropriate at this juncture.[7]

In addition, even if unjust enrichment is the appropriate theory on which to proceed, there is a genuine dispute of fact as to, *inter alia*, the value of Plaintiff's alleged services.[8] Although Plaintiff alleges in his summary judgment brief that the "value is known because the parties themselves agreed on the value," Defendants dispute this contention. Even if the rates Plaintiff

---

[5] Neither party addresses what state's law should apply to Plaintiff's claims in this case. I have applied Pennsylvania law for purposes of this motion, but the record is insufficient to perform a full choice of law analysis at this time. Nothing in this Opinion shall preclude the parties from raising applicable choice of law issues if appropriate during later stages of this litigation.

[6] Indeed, Plaintiff does not argue in his motion that the contract is unenforceable. In fact, he sought to withdraw the instant summary judgment motion and proceed instead with a prior motion for summary judgment seeking contract damages. See Docket No. 22. Plaintiff's choice of legal theory at this stage appears to depend more on which claim offers the quickest path to collection than on legal merit. See, e.g., Docket No. 23, at 1-2.

[7] I make no ruling as to the validity of Plaintiff's breach of contract claim because it is beyond the scope of this motion.

[8] The elements of unjust enrichment under Pennsylvania law are: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 180 (3d Cir. 2008).

currently seeks reflect his standard hourly rates, the record is insufficient for me to make a determination as to whether those rates are reasonable or otherwise reflect the value of Plaintiff's services. For this reason as well, Plaintiff's summary judgment motion is denied.

### III. CONCLUSION

In short, summary judgment is not a procedural vehicle for expediting collection or thwarting a party's attempts to defeat execution. Rather, summary judgment is warranted only when the evidence shows that there are no genuine disputes of material fact and that the moving party is entitled to judgment as a matter of law. For the reasons set forth above, genuine disputes of material fact remain in this case, and summary judgment is inappropriate at this juncture. Accordingly, Plaintiff's Second Supplemental Motion for Summary Judgment is denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Joseph E. Hudak, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 09-1172 |
| Regis W. Bobitski and Lisa A. Bobitski, | ) | |
| Defendants. | ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 28th day of December, 2010, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Second Supplemental Motion for Summary Judgment (Docket No. [20]) is denied. A Pretrial/Settlement conference is scheduled for January 24, 2010, 2011 at 11:30 a.m. before the undersigned in Courtroom 3B of the U.S. Post Office & Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Counsel, if any, shall have settlement authority, and parties are to be either present or available by telephone.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge