IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Joseph E. Hudak,            )
                                 )
            Plaintiff,      )
                                 )
      vs.               )    Civil Action No.   09-1172
                                 )
Regis W. Bobitski and Lisa A. Bobitski,  )
                                 )
          Defendants.    )
                                 )

AMBROSE, Senior District Judge

## MEMORANDUM OPINION AND ORDER OF COURT

This is a diversity case in which *pro se* Plaintiff Joseph E. Hudak ("Plaintiff" or "Hudak") has brought state law claims against *pro se* Defendants Regis W. Bobitski and Lisa A. Bobitski (collectively "Defendants") alleging breach of contract, unjust enrichment, and failure to pay account stated related to Defendants' alleged failure to pay Plaintiff attorneys' fees owed for legal services rendered. Pending before the Court is Plaintiff's Amended Motion for Summary Judgment on Count 1 Breach of Contract Claim Pursuant to Federal Rule of Civil Procedure 56 requesting that I enter judgment in favor of Plaintiff and against Defendant Regis Bobitski[1] in the amount of $142,225. (Docket No. 35). Despite notice, Regis Bobitski has not responded to Plaintiff's Motion. After a careful review of Plaintiff's submissions, the motion for summary judgment is denied.

Contrary to his previous motion for summary judgment in which he sought to recover $142,125 under Counts 2 and 3 of his Complaint (unjust enrichment and failure to pay an account stated), Hudak now seeks to recover this amount under Count 1 of the Complaint – breach of

---

[1] According to previous filings, Defendant Lisa Bobitski has filed for bankruptcy protection.  <u>See</u> Docket No. 9, ¶ 5.  Lisa Bobitski did not participate in the summary judgment filings, and Plaintiff has requested summary judgment solely against Regis Bobitski.  <u>See</u> Docket No. 35.

contract. Hudak's current theory is that the Bobitskis terminated their relationship with him prior to recovery in the relevant action and, therefore, under applicable contract law, he is entitled to the actual value of the services he performed. Hudak submits that the actual value of such services equals $142,225.

Hudak's new arguments in favor of summary judgment are unpersuasive. As an initial matter, unless the fee agreement at issue provides otherwise, the proper vehicle for relief when a client terminates the attorney-client relationship prior to recovery under a contingency-fee arrangement is an action in *quantum meruit*, not breach of contract. See Mager v. Bultena, 797 A.2d 948, 954-57 & n.8 (Pa. Super. Ct. 2002) (where the contract between the attorney and client did not provide for any monies to be paid if the attorney was terminated prior to a verdict or settlement in the action, the attorney had no claim against the client for breach of contract); Sundheim v. Beaver County Bldg. & Loan Ass'n, 14 A.2d 349, 533 (Pa. Super. Ct. 1940) ("A client may terminate his relation with an attorney at any time, notwithstanding a contract for fees, but if he does so, thus making the performance of the contract impossible, the attorney is not deprived of his right to recover on a quantum meruit [claim] a proper amount for the services which he has rendered."); see also F.D.I.C. v. Brodie, 602 So. 2d 1358, 1361-61 (Fla. App. Ct. 1992) (same). Thus, Hudak is not entitled to summary judgment in his favor on his breach of contract claim.

Even if I construe Hudak's motion as seeking relief under his unjust enrichment claim, summary judgment is still inappropriate.[2] As set forth in my opinion and order denying Hudak's prior motion for summary judgment, there remain genuine issues of fact as to, *inter alia*, the value of Hudak's alleged services. Even assuming the rates Hudak currently seeks reflect his standard hourly rates, the record is insufficient for me to make a determination as to whether those rates are reasonable or otherwise reflect the value of Hudak's services. For this reason as well,

---

[2] Although Plaintiff moved for summary judgment on his unjust enrichment claim in his prior motion (Docket No. 20), he did not sufficiently articulate this particular theory of relief in that motion. See Docket No. 29 (denying motion for summary judgment because, *inter alia*, Hudak did not explain how the Agreement was unenforceable or otherwise inapplicable to his claim for damages in this case).

Hudak's summary judgment motion is denied.[3]

In short, summary judgment is warranted only when the evidence shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. For the reasons set forth above, genuine issues of material fact remain in this case, and summary judgment is inappropriate at this juncture.

THEREFORE, this 13th day of June, 2011, it is hereby ORDERED that Plaintiff's Amended Motion for Summary Judgment on Count 1 Breach of Contract Claim Pursuant to Federal Rule of Civil Procedure 56 (Docket No. 35) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge

---

[3] I further note that, despite my clear instructions, Plaintiff's summary judgment filings still fail to comply with Local Rule of Civil Procedure 56 and my Chambers' Rules.